# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

v.

**D-1 MICHAEL STOUT,**

      **Defendant.**

_____/

Case: 2:23-cr-20323
Assigned To : Leitman, Matthew F.
Referral Judge: Altman, Kimberly G.
Assign. Date : 6/7/2023
Description: INDI USA V. STOUT
(KB)

Violation: 18 U.S.C. § 666

## INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant **MICHAEL STOUT** was an agent of the City of Hamtramck, Michigan, in that he was an employee of the Hamtramck Police Department.

2. In October 2019, **STOUT** told a confidential source involved in the towing industry ("Tower A") that he was going to be retiring from the Hamtramck Police Department and going to work for the Highland Park Police Department in their auto theft unit. With this new job, he told Tower A, he could "take care of" Tower A, but needed a car.

1

3. A few weeks later, Tower A and **STOUT** discussed prices for available vehicles. Tower A explained that, if **STOUT** was working at a police department and could "look out" for him, it could affect the price. **STOUT** said he still worked with the Hamtramck Police Department and could "still look out for" Tower A. "In that case," Tower A responded, he had a couple of things he needed "taken care of." So if **STOUT** could "help him out" with those, Tower A would give **STOUT** a vehicle. **STOUT** agreed.

4. Tower A and **STOUT** met the following day. Tower A gave **STOUT** $500 in cash. Tower A explained he was worried about a car that had been following him—that it may be an unmarked police car. **STOUT** offered to "run" the license plate of the vehicle for Tower A. **STOUT** then called an employee with the Hamtramck Police Department ("Employee B") on speaker phone and asked him to run the license plate through the Michigan Law Enforcement Information Network or LEIN (a restricted database that has registration information about vehicles). Employee B performed the query and gave **STOUT** the information, which **STOUT** let Tower A listen to over the speaker phone.

5. A few weeks later, Tower A told **STOUT** that he would pay for his rental car until he could give **STOUT** a car. Tower A explained, however, that he had "one more thing" that he needed **STOUT** to do.

6. They met the next day. Tower A gave **STOUT** $1,000 in cash. Tower A told **STOUT** that a vehicle had been following his trucks, and he gave **STOUT** the license plate for that vehicle. Again, **STOUT** called Employee B and asked him to query LEIN for the license plate. As he had done before, **STOUT** had this conversation with Employee B on speaker phone, letting Tower A listen to the results.

7. On or about December 10, 2019, Tower A and an undercover federal agent posing as Tower A's accomplice and used car dealership owner (the "UC"), met with **STOUT** so they could provide him a vehicle, a 2013 Chevrolet Equinox. At the end of the meeting, **STOUT** signed the title paperwork for the Equinox, claiming that he paid the UC $7,719.40 cash for the vehicle, plates, and tax. In fact, however, **STOUT** had paid nothing for the vehicle.

8. The City of Hamtramck received more than $10,000 in federal funds during the 2019 calendar year.

## COUNT ONE
## 18 U.S.C. § 666(a)(1)(B)
### Bribery Concerning Programs Receiving Federal Funds

9. The allegations in paragraphs 1 through 8 are incorporated into this count by reference.

10. From in or about October 2019, through in or about December 2019, in the Eastern District of Michigan, defendant **MICHAEL STOUT** did knowingly and

corruptly accept and agree to accept $1,500 in cash and a salvaged used car, as well as tax, title, and plate costs (valued at approximately $7,719.40), from Tower A and the UC, with the intent to be influenced and rewarded in connection with a business, transaction, or series of transactions of the City of Hamtramck, Michigan involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## **FORFEITURE ALLEGATION**

1. The allegations contained in Count One of this Indictment are realleged and incorporated for the purpose of alleging forfeitures under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 666(a)(1)(B) set forth in Count One of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. As part of the forfeiture in this case, the United States intends to seek a forfeiture money judgment for the total amount of proceeds.

      3.     If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeit substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

Dawn N. Ison
United States Attorney

*s/David A. Gardey*
DAVID A. GARDEY
Chief, Public Corruption and Civil Rights Unit

*s/Steven P. Cares*
STEVEN P. CARES
Assistant United States Attorney

Dated: June 7, 2023

|  |  | Case: 2:23-cr-20323 |
|---|---|---|
| United States District Court<br>Eastern District of Michigan | Criminal Case Cover S | Assigned To : Leitman, Matthew F.<br>Referral Judge: Altman, Kimberly G.<br>Assign. Date : 6/7/2023<br>Description: INDI USA V. STOUT<br>(KB) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials:   sc |

Case Title: USA v.  D-1 Michael Stout

County where offense occurred :  Wayne

Check One:      ☒ Felony           ☐ Misdemeanor           ☐ Petty

____Indictment/____Information --- no prior complaint.
✓ Indictment/____Information --- based upon prior complaint [Case number: 22-mj-30104    ]
____Indictment/____Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].

## Superseding Case Information

Superseding to Case No: _____     Judge: _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

June 7, 2023
Date

Steven P. Cares
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9139

E-Mail address: Steven.Cares@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.